1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM McGUINN,                    No.  2:13-cv-00740-JAM-EFB

12              Plaintiff,

13        v.                             **ORDER DENYING PLAINTIFF'S MOTION
                                         TO REMAND AND FOR ATTORNEYS'**
14   CITY OF SACRAMENTO POLICE           **FEES**
     DEPARTMENT; and DOES 1
15   through 25, inclusive,

16              Defendants.

17

18        Pending before the Court is Plaintiff William McGuinn's

19   ("Plaintiff") Motion to Remand and for Attorneys' Fees and Costs

20   (Doc. #10).[1]  Defendant City of Sacramento ("Defendant") opposes

     the motion (Doc. #13).
21

22

23                        I.  BACKGROUND

24        This lawsuit was originally filed in Sacramento County

     Superior Court.  Plaintiff sued the City of Sacramento alleging
25
     violations of his civil rights under 42 U.S.C. § 1983.  Defendant
26

     ─────────────────────────
27   [1] The motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28   originally scheduled for July 10, 2013.

                                   1

1  then removed the action pursuant to 28 U.S.C. § 1441(b) claiming

2  federal jurisdiction under 28 U.S.C. § 1331.  Plaintiff now moves

3  to remand arguing that removal was not timely as required by 28

4  U.S.C. § 1446(b).

5       The parties do not dispute that on February 15, 2013

6  Plaintiff delivered a copy of the summons and complaint to an

7  employee of the Sacramento County District Attorney's Office and

8  mailed those same documents to the Sacramento Police Department's

9  Court Liaison Unit.  Thurbon Decl. (Doc. #10-3), Ex.1.  On March

10  8, 2013, the City Attorney's Office wrote to Plaintiff's counsel

11  claiming that service was improper.  Thurborn Decl. Ex. 2.

12  Plaintiff's counsel responded in writing on March 14, 2013

13  stating that the District Attorney's Office had informed him that

14  their office was the proper agent for service.  Thurborn Decl.

15  Ex. 4.  Plaintiff's counsel stated that on March 14, 2013,

16  pursuant to the City Attorney's instructions, his process server

17  attempted to serve a copy of the summons and complaint to the

18  City Clerk, who would not accept service and directed the process

19  server to the Police Department.  Thurborn Decl. ¶ 5.  On March

20  15, 2013 the City Attorney replied to Plaintiff's request to

21  waive any alleged defects in service, stating that although

22  service was improper they would waive their objection.  Chapman

23  Decl. (Doc. #10-3), Ex. 2.  Defendant removed the action on April

24  12, 2013.

25  ///

26  ///

27  ///

28  ///

2

1                           II.   OPINION

2        A.   Legal Standard

3        "Only state court actions that originally could have been

4   filed in federal court may be removed to federal court by the

5   defendant."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392

6   (1987) (citing 28 U.S.C. § 1441).  The Ninth Circuit "strictly

7   construe[s] the removal statute against removal jurisdiction."

8   Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing

9   Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988); Takeda v.

10  Northwestern National Life Insurance Co., 765 F.2d 815, 818 (9th

11  Cir. 1985)).  Thus, "[f]ederal jurisdiction must be rejected if

12  there is any doubt as to the right of removal in the first

13  instance."  Id. (citing Libhart v. Santa Monica Dairy Co., 592

14  F.2d 1062, 1064 (9th Cir. 1979)).  "The 'strong presumption'

15  against removal jurisdiction means that the defendant always has

16  the burden of establishing that removal is proper."  Id. (citing

17  Nishimoto v. Federman-Bachrach & Associates, 903 F.2d 709, 712 n.

18  3 (9th Cir. 1990); Emrich v. Touche Ross & Co., 846 F.2d 1190,

19  1195 (9th Cir. 1988)).

20       Parties seeking to remove an action to federal court must

21  file notice "within 30 days after the receipt by the defendant,

22  through service or otherwise, of a copy of the initial pleading

23  setting forth the claim for relief upon which such action or

24  proceeding is based."  28 U.S.C. § 1446(b).  "[A] named

25  defendant's time to remove is triggered by simultaneous service

26  of the summons and complaint, or receipt of the complaint,

27  'through service or otherwise,' after and apart from service of

28  the summons, but not by mere receipt of the complaint unattended

                                  3

1   by any formal service." Murphy Bros., Inc. v. Michetti Pipe

2   Stringing, Inc., 526 U.S. 344, 348 (1999) (quoting 28 U.S.C.

3   § 1446(b)).  When service is improper the period to remove does

4   not begin to run, regardless of whether defendant had actual

5   notice of the action.  Quality Loan Service Corp. v. 24702 Pallas

6   Way, Mission Viejo, CA 92691, 635 F.3d 1128, 1133 (9th Cir.

7   2011).  Thus, "actual notice of the action is insufficient;

8   rather, the defendant must be notified of the action, and brought

9   under a court's authority, by formal process, before the removal

10  period begins to run." Id.

11      B.   Discussion

12           1.   Motion to Remand

13      The parties do not dispute that the Court has subject matter

14  jurisdiction over this action pursuant to 28 U.S.C. § 1331 by

15  virtue of Plaintiff's federal claim.  The parties only dispute

16  whether removal was timely under 28 U.S.C. § 1446(b).  As removal

17  occurred on April 12, 2013, the issue before the Court is whether

18  service occurred within the 30 day period beginning on March 13,

19  2013.

20      Plaintiff argues that he properly served Defendant on

21  February 15, 2013 because the County District Attorney's Office

22  was a designated agent of Defendant and was authorized to accept

23  service on Defendant's behalf.  Plaintiff also argues that even

24  if the initial service attempt was invalid, valid service

25  occurred when the District Attorney's Office forwarded the

26  complaint and summons to the City Attorney as evidenced by

27  Defendant's March 8, 2013 letter to Plaintiff.  Finally,

28  Plaintiff argues service was proper because Defendant waived any

4

1  defects.  Defendant responds by asserting that service was not

2  proper, and that the 30 day period to remove did not begin to run

3  until Defendant waived its right to formal service on March 15,

4  2013.  Defendant argues that service was improper because

5  Plaintiff was statutorily required to serve the City Clerk and

6  Plaintiff failed to do so.

7      As suit was filed in state court, state law governs when

8  effective service occurred.  Walker v. Armco Steel Corp., 446

9  U.S. 740, 752 (1980).  In California, a court obtains

10  jurisdiction over a party "from the time the summons is served

11  upon him . . . ."  Cal. Civ. Proc. Code § 410.50.  "A summons may

12  be served on a public entity by delivering a copy of the summons

13  and of the complaint to the clerk, secretary, president,

14  presiding officer, or other head of its governing body."  Cal.

15  Civ. Proc. Code § 416.50(a).  The City is a public entity.  Cal.

16  Civ. Proc. Code § 416.50(b).  A summons may be served by personal

17  delivery of a copy of the summons and of the complaint to the

18  party to be served and is deemed complete at the time of such

19  delivery.  Cal. Civ. Proc. Code § 415.10.  A summons may be

20  served by any person over the age of eighteen that is not a party

21  to the action.  Cal. Civ. Proc. Code § 414.10.  A summons may

22  also be served by leaving a copy of the summons and complaint at

23  the party's office that is to be served, and by thereafter

24  mailing a copy of the summons and complaint to that party by

25  first class mail.  Cal. Civ. Proc. Code § 415.20.  Service in

26  this manner is deemed complete on the tenth day after mailing.

27  Cal. Civ. Proc. Code § 415.20.

28

1    Plaintiff's argument that valid service of process took

2  place on February 15, 2013 is not persuasive.  The District

3  Attorney's Office is plainly not authorized to receive service on

4  Defendant's behalf.  Cal. Civ. Proc. Code § 416.50(a).  As the

5  County District Attorney's Office was not authorized to receive

6  service on behalf of Defendant, the 30 day period to remove did

7  not begin on February 15, 2013.  Plaintiff's attempt to serve

8  Defendant by mailing the summons and complaint to the Sacramento

9  Police Department is invalid for the same reason; the Police

10  Department is not authorized to accept service on Defendant's

11  behalf.  Cal. Civ. Proc. Code § 416.50(a).

12    Plaintiff's second argument, that service was complete when

13  the City Attorney received the summons and complaint at some time

14  prior to March 8, 2013, is similarly unpersuasive because the

15  City Attorney is not a city-authorized agent for service of

16  process.  Cal. Civ. Proc. Code § 416.50(a).  The City Attorney's

17  Office is a separate office from the City Clerk's Office and the

18  fact that the City Attorney's Office eventually possessed the

19  summons does not establish that Defendant had been properly

20  served.  It is irrelevant in the absence of formal service that

21  Defendant had notice of the action.  Quality Loan, 635 F.3d at

22  1133.

23    The Court is also not persuaded that removal was untimely

24  because Defendant eventually waived its right to formal service.

25  Defendant's waiver does not make Plaintiff's earlier invalid

26  attempts at service suddenly valid.  Those faulty attempts at

27  service did not bring Defendant under the formal authority of the

28  state court as is required to begin the 30 day period for

removal.  <u>Murphy Bros.</u>, 526 U.S. at 347.  The Court therefore finds that Defendant was formally served on March 15, 2013 when it explicitly waived its right to formal service.

Defendant was brought under the formal authority of the state court on March 15, 2013 and removal on April 12, 2013 was therefore timely.  Accordingly, Plaintiff's motion to remand is denied.

2.   <u>Plaintiff's Attorneys' Fees</u>

Defendant's notice of removal was timely and otherwise proper.  Thus, Plaintiff is not entitled to attorneys' fees under 28 U.S.C. § 1447(c).

## III. ORDER

For the reasons stated above, Plaintiff's Motion to Remand and for Attorneys' Fees is DENIED.

IT IS SO ORDERED.

Dated: July 18, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE