UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM McGUINN,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF SACRAMENTO POLICE DEPARTMENT; and DOES 1 through 25, inclusive,<br><br>        Defendants. | No.  2:13-cv-00740-JAM-EFB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEYS' FEES** |

    Pending before the Court is Plaintiff William McGuinn's ("Plaintiff") Motion to Remand and for Attorneys' Fees and Costs (Doc. #10).[1]  Defendant City of Sacramento ("Defendant") opposes the motion (Doc. #13).

I.  BACKGROUND

    This lawsuit was originally filed in Sacramento County Superior Court.  Plaintiff sued the City of Sacramento alleging violations of his civil rights under 42 U.S.C. § 1983.  Defendant

---

[1] The motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was originally scheduled for July 10, 2013.

1

then removed the action pursuant to 28 U.S.C. § 1441(b) claiming federal jurisdiction under 28 U.S.C. § 1331. Plaintiff now moves to remand arguing that removal was not timely as required by 28 U.S.C. § 1446(b).

The parties do not dispute that on February 15, 2013 Plaintiff delivered a copy of the summons and complaint to an employee of the Sacramento County District Attorney's Office and mailed those same documents to the Sacramento Police Department's Court Liaison Unit. Thurbon Decl. (Doc. #10-3), Ex.1. On March 8, 2013, the City Attorney's Office wrote to Plaintiff's counsel claiming that service was improper. Thurborn Decl. Ex. 2. Plaintiff's counsel responded in writing on March 14, 2013 stating that the District Attorney's Office had informed him that their office was the proper agent for service. Thurborn Decl. Ex. 4. Plaintiff's counsel stated that on March 14, 2013, pursuant to the City Attorney's instructions, his process server attempted to serve a copy of the summons and complaint to the City Clerk, who would not accept service and directed the process server to the Police Department. Thurborn Decl. ¶ 5. On March 15, 2013 the City Attorney replied to Plaintiff's request to waive any alleged defects in service, stating that although service was improper they would waive their objection. Chapman Decl. (Doc. #10-3), Ex. 2. Defendant removed the action on April 12, 2013.

///
///
///
///

2

## II.   OPINION

### A.   Legal Standard

"Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988); Takeda v. Northwestern National Life Insurance Co., 765 F.2d 815, 818 (9th Cir. 1985)). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (citing Nishimoto v. Federman-Bachrach & Associates, 903 F.2d 709, 712 n. 3 (9th Cir. 1990); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988)).

Parties seeking to remove an action to federal court must file notice "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). "[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended

3

by any formal service." <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 348 (1999) (quoting 28 U.S.C. § 1446(b)). When service is improper the period to remove does not begin to run, regardless of whether defendant had actual notice of the action. <u>Quality Loan Service Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691</u>, 635 F.3d 1128, 1133 (9th Cir. 2011). Thus, "actual notice of the action is insufficient; rather, the defendant must be notified of the action, and brought under a court's authority, by formal process, before the removal period begins to run." <u>Id.</u>

   B.   <u>Discussion</u>

      1.   <u>Motion to Remand</u>

The parties do not dispute that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 by virtue of Plaintiff's federal claim. The parties only dispute whether removal was timely under 28 U.S.C. § 1446(b). As removal occurred on April 12, 2013, the issue before the Court is whether service occurred within the 30 day period beginning on March 13, 2013.

Plaintiff argues that he properly served Defendant on February 15, 2013 because the County District Attorney's Office was a designated agent of Defendant and was authorized to accept service on Defendant's behalf. Plaintiff also argues that even if the initial service attempt was invalid, valid service occurred when the District Attorney's Office forwarded the complaint and summons to the City Attorney as evidenced by Defendant's March 8, 2013 letter to Plaintiff. Finally, Plaintiff argues service was proper because Defendant waived any

4

defects.  Defendant responds by asserting that service was not proper, and that the 30 day period to remove did not begin to run until Defendant waived its right to formal service on March 15, 2013.  Defendant argues that service was improper because Plaintiff was statutorily required to serve the City Clerk and Plaintiff failed to do so.

As suit was filed in state court, state law governs when effective service occurred.  Walker v. Armco Steel Corp., 446 U.S. 740, 752 (1980).  In California, a court obtains jurisdiction over a party "from the time the summons is served upon him . . . ."  Cal. Civ. Proc. Code § 410.50.  "A summons may be served on a public entity by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body."  Cal. Civ. Proc. Code § 416.50(a).  The City is a public entity.  Cal. Civ. Proc. Code § 416.50(b).  A summons may be served by personal delivery of a copy of the summons and of the complaint to the party to be served and is deemed complete at the time of such delivery.  Cal. Civ. Proc. Code § 415.10.  A summons may be served by any person over the age of eighteen that is not a party to the action.  Cal. Civ. Proc. Code § 414.10.  A summons may also be served by leaving a copy of the summons and complaint at the party's office that is to be served, and by thereafter mailing a copy of the summons and complaint to that party by first class mail.  Cal. Civ. Proc. Code § 415.20.  Service in this manner is deemed complete on the tenth day after mailing. Cal. Civ. Proc. Code § 415.20.

Plaintiff's argument that valid service of process took place on February 15, 2013 is not persuasive. The District Attorney's Office is plainly not authorized to receive service on Defendant's behalf. Cal. Civ. Proc. Code § 416.50(a). As the County District Attorney's Office was not authorized to receive service on behalf of Defendant, the 30 day period to remove did not begin on February 15, 2013. Plaintiff's attempt to serve Defendant by mailing the summons and complaint to the Sacramento Police Department is invalid for the same reason; the Police Department is not authorized to accept service on Defendant's behalf. Cal. Civ. Proc. Code § 416.50(a).

Plaintiff's second argument, that service was complete when the City Attorney received the summons and complaint at some time prior to March 8, 2013, is similarly unpersuasive because the City Attorney is not a city-authorized agent for service of process. Cal. Civ. Proc. Code § 416.50(a). The City Attorney's Office is a separate office from the City Clerk's Office and the fact that the City Attorney's Office eventually possessed the summons does not establish that Defendant had been properly served. It is irrelevant in the absence of formal service that Defendant had notice of the action. <u>Quality Loan</u>, 635 F.3d at 1133.

The Court is also not persuaded that removal was untimely because Defendant eventually waived its right to formal service. Defendant's waiver does not make Plaintiff's earlier invalid attempts at service suddenly valid. Those faulty attempts at service did not bring Defendant under the formal authority of the state court as is required to begin the 30 day period for

6

removal. Murphy Bros., 526 U.S. at 347.  The Court therefore finds that Defendant was formally served on March 15, 2013 when it explicitly waived its right to formal service.

Defendant was brought under the formal authority of the state court on March 15, 2013 and removal on April 12, 2013 was therefore timely.  Accordingly, Plaintiff's motion to remand is denied.

### 2. Plaintiff's Attorneys' Fees

Defendant's notice of removal was timely and otherwise proper.  Thus, Plaintiff is not entitled to attorneys' fees under 28 U.S.C. § 1447(c).

### III. ORDER

For the reasons stated above, Plaintiff's Motion to Remand and for Attorneys' Fees is DENIED.

IT IS SO ORDERED.

Dated: July 18, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

7